UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Allen VanCleave, *et al.*,                             Case No. 3:23-cv-616

             Plaintiffs,

     v.                                              MEMORANDUM OPINION
                                                           AND ORDER

Johns Manville,

             Defendant.


## I. INTRODUCTION

Defendant Johns Manville filed a motion to strike the supplemental report of Plaintiffs Allen VanCleave and Decker Truck Lines, Inc.'s expert witness, arguing the supplemental report does not comply with Federal Rule of Civil Procedure 26(e). (Doc. No. 33). Plaintiffs filed a brief in opposition, (Doc. No. 34), and Defendant filed a brief in reply. (Doc. No. 35). Plaintiffs then filed a motion for leave to file a sur-reply in response to Defendant's reply brief, (Doc. No. 36), which Defendant opposed. (Doc. No. 37). For the reasons stated below, I grant Plaintiffs' motion for leave and deny Defendant's motion to strike.

## II. BACKGROUND

Allen VanCleave, a driver for Decker Truck Lines, Inc., picked up a loaded trailer from a Johns Manville facility in Defiance, Ohio on March 3, 2021. Plaintiffs allege Defendant's employees improperly loaded the trailer, causing some of the contents to fall out of the trailer and onto VanCleave when he opened the trailer at its delivery destination, injuring him. Plaintiffs retained

Christina M. Comisarek as an expert witness in support of their argument that Defendant is liable for the injuries VanCleave suffered, and they transmitted Comisarek's expert report on April 15, 2024. (Doc. No. 24). On July 31, 2024, Defendant disclosed it had retained Jeffrey A. Boesger as an expert witness to respond to Comisarek's opinions and transmitted his report to Plaintiffs. (Doc. No. 26).

On September 30, 2024, Comisarek produced a second report, characterized as a "supplemental/rebuttal report," following the disclosure of Boesger's report. (Doc. No. 29). With the agreement of the parties, I extended the discovery deadline to October 31, 2024, and set November 15, 2024, as the dispositive motion deadline. (Doc. No. 30). Eight days after the discovery deadline passed, Defendant filed its motion to strike Comisarek's supplemental motion. Briefing is now complete on that motion as well as Plaintiffs' motion for leave to file a sur-reply.

### III. DISCUSSION

#### A. MOTION FOR LEAVE

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules expressly address whether and under what circumstances a sur-reply brief may be appropriate. Courts often consider whether the party seeking to file the sur-reply brief has provided good cause for that brief, such as "[w]hen new submissions and/or arguments are included in a reply brief." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). *See also Key v. Shelby Cnty.*, 551 F. App'x 262, 264-65 (6th Cir. 2014); *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580-81 (S.D. Ohio 2010).

Plaintiffs seek leave to file a sur-reply in order "to respond to arguments raised by Defendants for the first time in their reply [brief]." (Doc. No. 36 at 2). Defendant contends I should deny the motion for leave because "Plaintiffs do not identify any allegedly new arguments." (Doc. No. 37 at 2). Defendant also asserts it "simply responded to those arguments Plaintiffs raised for the first time in their Response" opposing the motion to strike. (*Id.*).

2

It is true that Plaintiffs do not specify in their motion for leave which arguments in Defendant's reply they believe to be new. But the proposed sur-reply brief itself plainly does so, providing specific responses to different sections of the supplemental report Defendant identified in the reply brief. (*See* Doc. No. 36-1 at 3-5). Defendant's first argument is not persuasive.

Nor am I persuaded by Defendant's assertion that it merely responded to arguments Plaintiffs raised in the opposition brief. In its motion to strike, Defendant asserted "only one limited section [of the supplemental report] . . . can accurately be characterized as containing rebuttal opinion." (Doc. No. 33 at 4). "[A]ll other sections contain new analysis and opinions yet none of which is predicated upon any 'newly discovered' information and evidence." (*Id.*).

After Plaintiffs sought to explain why Comisarek's second report could be appropriately characterized as a supplemental/rebuttal report, (Doc. No. 34 at 4-6), Defendant argued, for the first time, that a rebuttal report could not be based upon evidence which would be offered in the Plaintiffs' case-in-chief and that each section was required to contain specific reference to Boesger's report. (Doc. No. 35 at 3-5). And, after first broadly arguing in its motion to strike that all but four sections of the supplemental report contained new expert opinions, Defendant reduced its challenge to five specific sections of the supplemental report. (*See id.*).

I conclude Plaintiffs have shown good cause to file a sur-reply brief and grant their motion for leave.

**B.     MOTION TO STRIKE**

Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Expert witnesses may file a rebuttal report "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(1)(D)(ii). Rule 26(e) also requires a party to supplement or correct its disclosure, including the

3

disclosure of an expert report, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A); *see also* Fed. R. Civ. P 26(e)(1)(B). "[A] party [who] fails to provide information . . . required by Rule 26(a) or (e) . . . is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"'Supplementation of an expert report permits a party to correct inadvertent errors or omissions. Supplementation, however, is not a license to amend an expert report to avoid [an adverse ruling.]'" *Corder v. Ethicon, Inc.*, No. 6:19-CV-273, 2020 WL 13616867, at *6 (E.D. Ky. Nov. 6, 2020) (quoting Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2049.11993 (3d ed.)) For the purposes of Rule 26(e), supplementation "'means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Seton Co. v. Lear Corp.*, No. 02-71118, 2005 WL 8154366, at *2 (E.D. Mich. May 13, 2005) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). "Rule 26 contemplates that an expert may supplement, elaborate upon, [and] explain his expert report. . . . However, courts should not permit experts to testify as to a wholly new, previously unexpressed opinion." *E.E.O.C. v. Tepro, Inc.*, 133 F. Supp. 3d 1034, 1049 (E.D. Tenn. 2015) (citations and internal quotation marks omitted) (alteration in *Tepro*).

The parties disagree concerning which sections of Comisarek's supplemental report are appropriately characterized as rebuttal or as supplemental and whether the supplemental report may be fairly described as offering a new opinion or relying on previously available information. But I conclude I need not resolve these disputes because, even if I assume the supplemental report contains information that should have been included in Comisarek's initial report, any violation of Rule 26(a) or (e) was harmless.

Defendant asserts it will be prejudiced if I do not strike Comisarek's supplemental report because "[t]he deadline for Defendant's expert to offer opinion has expired and as such, Defendant's expert will be prevented from addressing the opinions within the Second Report." (Doc. No. 33 at 5-6). (*See also* Doc. No. 35 at 7) (contending Defendant now "is unable to cure the surprise of the new analyses and opinions").

But Defendant's claims of prejudice ignore the fact that expert discovery remained open for 30 days after the disclosure of Comisarek's supplemental report. (*See* Doc. No. 30). Further, on October 1, 2024, the day after that disclosure, counsel for Defendant represented during a telephone status conference that Defendant did not anticipate deposing Comisarek a second time based upon the contents of her supplemental report. Defendant did not hint at any objection to the supplemental report until it filed its motion to strike eight days after the close of expert discovery. And Defendant did not at any point suggest that Boesger should be permitted to rebut any allegedly new information in the supplemental report. In light of its inaction prior to the expert discovery deadline, Defendant has not persuaded me that it lacked the opportunity to cure any purported surprise.

Therefore, I deny Defendant's motion to strike Comisarek's supplemental report. Further, I grant Defendant leave to re-open Comisarek's deposition, to obtain a supplemental report from Boesger, or both, within 45 days of the date of this Memorandum Opinion and Order.

5

## V.    Conclusion

For the reasons stated above, I grant Plaintiffs' motion for leave to file a sur-reply, (Doc. No. 36), and deny Defendant's motion to strike Comisarek's supplemental report. (Doc. No. 33). Further, I order that the expert discovery deadline is re-opened and grant Defendant leave to re-open Comisarek's deposition, to obtain a supplemental report from Boesger, or both, within 45 days of the date of this Memorandum Opinion and Order.

So Ordered.

                                                   s/ Jeffrey J. Helmick
                                                   United States District Judge